UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Badejoko Olojo, | ) | |
|           Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 05 C 6234 |
| | ) | |
| Kennedy-King College & Kina Montgomery | ) | |
| | ) | |
|           Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

      Plaintiff Badejoko Olojo filed a nine count complaint against defendant Kennedy-King College and Kina Montgomery alleging 1) religious discrimination in violation of the First and Fourteenth Amendments of the Constitution, Title VII, and the Illinois Human Rights Act; 2) pregnancy discrimination in violation of the Fourteenth Amendment to the Constitution, the Pregnancy Discrimination Act, the Rehabilitation Act, the Americans with Disabilities Act, and the Illinois Human Rights Act; 3) retaliation for the free exercise of religion and plaintiff's pregnancy; 4) state law claims of negligence and intentional infliction of emotional distress due to religious and pregnancy discrimination. Presently before us is defendant's motion to dismiss the complaint with prejudice. For the reasons set forth below, we strike plaintiff's complaint, thus mooting defendant's motion.

## ANALYSIS

      The Northern District of Illinois' Local Rules set out the procedure for allowing attorneys without an Illinois law license to practice in its court. "A member in good standing of the bar of the highest court of any state or of any United States district court *may,* upon motion, be

1

permitted to argue or try a particular case in whole or in part." N.D. Ill. L.R. 83.14 (emphasis). While plaintiff's counsel, Kayode Oladele, is not a member of the Illinois bars, he neglected to file a motion seeking leave to appear *pro hac vice* in accordance with Local Rule 83.14. Oladele also violated Local Rule 83.15, which requires nonresident attorneys to designate local licensed counsel for purposes of effectuating service. N.D. Ill. L.R. 83.15. In fact, we notified Oladele of his omission and provided him with a copy of Local Rule 83.15 in a letter mailed on November 15, 2005. To date, Oladele has failed to comply with either Local Rule 83.14 or 83.15 despite filing a nine count complaint and response to defendant's motion to dismiss in our court. (*See* Compl. ¶¶ 1-98; Resp. to Mot. to Dismiss p.1-13.) Therefore, in accordance with Local Rules 83.12, 83.14, and 83.15, we strike Olojo's complaint thus rendering the motion to dismiss moot. Nonetheless, we feel obligated to discuss Oladele's filings given the likelihood that he will seek to appear again to re-file the complaint before a court in the Northern District of Illinois.

Count I of plaintiff's complaint claims that her nursing school violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et. seq,* by discriminating against her on the basis of her religious beliefs and practices. Title VII, entitled "Equal **Employment Opportunities**[,]" protects **employees** from discrimination in the workplace. *Id*. (emphasis added). Plaintiff, however, admits in the first paragraph of her complaint that she was "a full time-student." (Compl. ¶ 1.) Therefore, Olojo does not fall within the scope of Title VII. Similarly, Count III of plaintiff's complaint, wherein she alleges discrimination in violation of the Pregnancy Discrimination Act - an amendment to Title VII - has no basis in fact or law. 42 U.S.C. § 2000(e)(k); *see also Wauconda Healthcare & Rehabilitation Centre, LLC,* No. 04 C 3341, 2005 WL 1243394, at *2 (N.D. Ill. May 23, 2005).

Count V and VI of the complaint allege violations of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Both acts prohibit government actors from discriminating against a qualified individual with a disability. 42 U.S.C. § 12101; 29 U.S.C. § 794. The ADA defines a qualified individual with a disability in three different places and clearly states that the Act only applies to those individuals. 42 U.S.C. §§ 12102(2), 1211(8), 12131(2). Additionally, this court has ruled, in accordance with the commentary to the Regulations, that "pregnancy itself is not a disability under the ADA." *Chambers v. Wildman, Harold, Allen & Dixon*, No. 97 C 5715, 1997 WL 666507, at *3 (N.D. Ill. Oct. 23, 1997); 1997 WL 414104 (1997); Appendix to Part 1630 - Interpretive Guidance on Title I of the Americans With Disabilities Act," 29 C.F.R. 1630.2(h), App. 1630.2(h) ("The definition of the term "impairment does not include ... pregnancy[.]"). Like the ADA, the Rehabilitation Act defines disability at the beginning of the statute and the provision prohibiting discrimination explicitly limits the protection to qualified individuals with a disability. 29 U.S.C. §§ 705(9), 794. Plaintiff relied on pregnancy as her disability in the complaint, but later concedes that she does not have a disability under either the ADA or the Rehabilitation Act. (Resp. Mot. to Dismiss at 8.) Despite admitting that Olojo does not have a disability as defined in the ADA or the Rehabilitation Act, counsel continued to argue against dismissal and for leave to amend the ADA and Rehabilitation Act claims to include a claim under Title IX. (Compl. ¶¶ 71, 86; Resp. Mot. to Dismiss at 8-9.)

If counsel had read the plain language of Title VII, the Pregnancy Discrimination Act amendment to Title VII, the Rehabilitation Act, and the ADA, counsel would have realized that plaintiff's claims had no basis in law. Moreover, counsel relied on Federal Guidelines

promulgated by the executive branch of government to support her First Amendment claim, yet cited an online address that leads to the current issue of the Denver Post online. Counsel's disregard for this court's procedural and ethical codes of conduct could warrant sanctions and denial of the right to practice law in Illinois district courts. (*See* N.D. Ill. L.R. 83.12, 83.14, 83.15, 83.51.1, 83.53.1; Fed. R. Civ. P. 11(b)(2), (c)(1)(B), (c)(2).) Seeking leave to appear *pro hac vice* is a privilege, not a right. *Leis v. Flynt*, 439 U.S. 438, 442, 99 S. Ct. 698, 700 (1979). Accordingly, we instruct the Clerk of the Court to bring counsel's disregard for the court rules to the attention of the Executive Committee if Oladele should ever seek to appear again before a court in the Northern District of Illinois.[1]

## CONCLUSION

For the reasons described above, we hereby strike plaintiff's complaint. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 4/3/06

---

[1] Additionally, we instruct counsel to show **and** explain this opinion to the plaintiff so that she may consider any appropriate remedial action.