# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Badejoko Olojo, | ) | |
|             Plaintiff, | ) | |
| | ) | |
|      v. | ) | No. 05 C 6234 |
| | ) | |
| Kennedy-King College & Kina Montgomery, | ) | |
| | ) | |
|             Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Plaintiff Badejoko Olojo filed a nine count complaint against defendant Kennedy-King College and Kina Montgomery alleging 1) religious discrimination in violation of the First and Fourteenth Amendments of the Constitution, Title VII, and the Illinois Human Rights Act; 2) pregnancy discrimination in violation of the Fourteenth Amendment to the Constitution, the Pregnancy Discrimination Act, the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and the Illinois Human Rights Act; 3) retaliation for the free exercise of religion and plaintiff's pregnancy; and 4) state law claims of negligence and intentional infliction of emotional distress due to religious and pregnancy discrimination. (Compl. ¶¶ 1-97.) In response, Kennedy-King College filed a motion to dismiss the complaint for failure to exhaust administrative remedies, preemption, and failure to state a claim upon which relief could be granted. (Mot. to Dismiss at 1-10.)

On April 3, 2006, we struck Olojo's complaint based on our understanding that plaintiff's counsel was not admitted to practice before the Northern District of Illinois, he had not filed an application to appear *pro hac vice,* and he failed to designate local counsel in accordance with the

1

local rules. *Olojo v. Kennedy-King College*, No. 05 C 6234, 2006 WL 862828, at *1-2 (N.D. Ill. Apr. 3, 2006). In addition, we observed that at least four of the claims had no basis in law or fact, nor could they be deemed a good faith attempt for an extension or modification of the law. (*Id.*) For example, Olojo could not bring claims under Title VII in the absence of an employment relationship, nor could pregnancy qualify as a disability under either the Rehabilitation Act or the ADA. Based on the totality of the circumstances, we instructed the Clerk of the Court to apprise the Executive Committee of counsel's behavior in the event that he sought to appear before the Northern District of Illinois in the future. (*Id.*)

Subsequent to the entry of our order, we learned that we were misinformed as to counsel's admission to our court. Upon discovery of our error, we immediately vacated our prior decision and proceeded to consider the pending motion to dismiss the complaint notwithstanding counsel's continued failure to designate local counsel or withdraw the claims we previously identified as frivolous. (Min. Order Apr. 17, 2006 (Docket No. 25).) While unfortunate, our error regarding counsel's admission to the court was inadvertent and we expeditiously remedied the situation and began reviewing the merits of the motion to dismiss.

On June 7, 2006, we dismissed the complaint and granted Olojo leave to file an amended complaint to add a claim under Title IX and to properly plead violations of the First and Fourteenth Amendments to the Constitution. *Olojo v. Kennedy-King College*, No. 05 C 6234, 2006 WL 1648441, at *10 (N.D. Ill. Jun. 7, 2006). At the time we issued our opinion, plaintiff's counsel had yet to designate local counsel (despite multiple reminders from the court), he paid the filing fee months after it was due (and well after the grace period, which was granted after counsel requested an extension of time after receiving notice of his violation), and he had filed a complaint replete with

2

frivolous or non-tenable claims.[1]  *Id.* at *1-10.  As a result, we ordered counsel to show cause why he should not be assessed sanctions under Rule 11(b)(2), found in contempt, or referred to the Chief Judge for disciplinary proceedings.

In response to our show cause order, counsel attempted to justify his behavior and apologized for the delay in paying the filing fee and appointing local counsel and "for the Court's conclusions regarding the inapplicability of some of the legal arguments advanced in this case."  (Resp. to Show Cause Order at 4, 5, 9.)  First, counsel argued that the filing fee was not initially paid due to a problem with the bank, he was out of town when he received the court's order to pay the fee within five days, the court waived the five day requirement once he explained the situation, and he ultimately paid the fee.  (*Id.* at 3-4.)  However, counsel paid the fee months after the court's grace period expired.  Next, counsel claimed that he could not find local counsel "due to the nature of the case and the fact that most attorneys [he] approached were demanding upfront payment before they

---

[1] For example, counsel brought claims under: 1) Title VII and the Pregnancy Discrimination Act despite the absence of an employment relationship and a "right to sue" letter from the EEOC (a pre-requisite to filing a claim under Title VII); 2) the Illinois Human Rights Act ("IHRA") without filing a claim with the Illinois Human Rights Commission where "[a] reasonable inquiry into Illinois law would have revealed that the [IHRA] claim could not stand[] without exhausting the statutorily proscribed administrative remedies[,]" *id.* at *3 (internal quotation omitted); 3) the Rehabilitation Act and the ADA wherein she relied on pregnancy as her disability to qualify for relief notwithstanding this court's consistent rulings, in accordance with the commentary to the Regulations, that "pregnancy itself is not a disability under the ADA[,]" *id.* (quoting *Chambers v. Wildman, Harold, Allen & Dixon,* No. 97 C 5715, 1997 WL 666507, at *3 (N.D. Ill. Oct. 23, 1997)); 4) the First Amendment Free Exercise Clause even though the complaint was "devoid of any allegations that Professor Montgomery inhibited plaintiff's ability to practice her religion or took any coercive action or restrained her religious activities in a manner prohibited by the Constitution[,]" *id.* at *4-6, and was devoid of any alleged basis for imposing municipal liability against Kennedy-King College for the acts of one its employees, *id.* (citing *Monell v. Dep't of Social Svcs. of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978)); and 5) state statutory and tort law, which were time-barred and preempted by the IHRA.  *Id.* at * 6-8.

could file their appearance as local counsel[]" and his client was indigent. (*Id.* at 4.) Nonetheless, counsel never requested a waiver of the requirement to appoint local counsel.

Attempting to defend the frivolous claims, counsel asserted that "this Court must take judicial notice of the fact that I did not file a frivolous action despite the fact that my theory of the case and my legal conclusion might be different from the holding of this court." (*Id.* at 6.) We do not "penalize litigants simply because they were unsuccessful[.]" (*Id.*) Counsel correctly posits that "[a]s long as an attorney provides 'objectively reasonable arguments' in support of the client's position, sanction[s] should not be imposed, regardless if the arguments turn out to be unpersuasive or incorrect." (*Id.* at 7 (citation omitted).) However, counsel proffered no objectively reasonable arguments justifying a claim under Title VII or the Pregnancy Discrimination Act. Nor did counsel offer an explanation for his failure to exhaust the administrative remedies under the IHRA or conduct a modicum of research so as to discover the well-established preemptive nature of the IHRA or the statute of limitations for such actions. As counsel readily admits, attorneys can be reprimanded for filing claims without legal foundation: "[t]he action is frivolous ... if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law." (*Id.* at 9; *see also id.* at 6.) While counsel recognized the frivolity of his Rehabilitation Act and ADA claims in response to the motion to dismiss, he neglected to withdraw, correct, or make a valid argument for the extension, modification, or reversal of existing law on the remainder of his unsupportable claims.[2] We find counsel's conduct contemptible and admonish him to be more

---

[2] In his reply to the Order to Show Cause, counsel claims - for the first time - that his Title VII claims were raised as a result of "clerical mistakes" and that he really intended those counts to be claims under Title VI of the Civil Rights Act of 1964. (Reply to Show Cause Order

4

respectful, conscientious, and diligent in the future. While we hereby formally reprimand counsel, we decline to impose any further sanctions.

Shortly after counsel filed his reply to the Order to Show Cause, he filed a Motion to Recuse Pursuant to 8 U.S.C. 455(a) AND 28 U.S.C. 455(b)(1) and a Motion for Leave to File a Second Amended Complaint in Order to Correct the Errors in the First Amended Complaint and Add a New Count. (Docket Nos. 47-1, 52.) In his motion for recusal, counsel argues that our April 3 order evinces "strong animosity and racial bias." (Mot. for Recusal ¶ 9.) Counsel repeatedly argues that "Judge Aspen made this derogatory Order against the Plaintiff's attorney because of his personal bias and prejudice against the plaintiff's attorney being a foreigner of Nigeria [sic] descent admitted to practice law in the state of Michigan; further, the judge's action was motivated by this racial bias against the Plaintiff's attorney." (*Id.* ¶ 12.) The accusations of prejudice based on race and/or national origin are not grounded in fact or supported by the record. Since we first discovered counsel's race and national origin upon receipt of his motion for recusal, we cannot fathom how counsel can seriously levy a claim of prejudice on those grounds. Our contempt for counsel derives from his repeated failure to comply with court rules and filing frivolous claims in our court. Contrary to counsel's unsubstantiated charges, we have acted deliberately and impartially throughout these proceedings. In fact, we exercised restraint in merely reprimanding counsel's contumacious conduct rather than imposing a host of other justifiable sanctions. No judge should tolerate the egregious behavior demonstrated thus far. We are confident that our well-reasoned

---

at 1-3.) Counsel's "explanation" is incredulous given that Counts I, II, and III of the complaint allege religious and pregnancy discrimination in violation of Title VII and Title VI prohibits discrimination on the basis of race, color, or national origin. *Compare* 42 U.S.C. § 2000e, *et seq.*, *with* 42 U.S.C. § 2000d, *et seq.*

decisions would withstand the most stringent judicial scrutiny.[3] Therefore, Olojo's motion for recusal is denied. It is so ordered.[4]

*Marvin E. Aspen*

Marvin E. Aspen
United States District Judge

Date**:** August 25, 2006

---

[3] For example, counsel claims that classifying the Title VII claims as frivolous indicates bias because "plaintiff's attorney in his complaint made sufficient factual allegations and legal theory [sic] against the Defendants in violation of the Title VI of the Civil Rights Act, 1964, but erroneously pled Title VII of the 1964 Act instead of Title VI, even though, there was nothing in the Complaint that suggested that the Plaintiff's factual allegations were predicated on Title VII." (Mot. for Recusal ¶ 15.) Counsel's nonsensical argument faults us for his error and deceptively suggests that Counts I, II, and III of the complaint could have been construed as claims under Title VI. As previously discussed, *supra* n.2, Title VI prohibits discrimination on the basis of race or national origin and Counts I, II, and III, allege discrimination on the basis of sex and religion (which are covered under Title VII). *Compare* 42 U.S.C. 2000d, *et seq.*, *with* 42 U.S.C. 2000e, *et seq*. Counsel concedes the frivolity of claims under Title VII yet accuses us of wrongdoing by dismissing those claims with prejudice and ordering counsel to answer for such a groundless filing!

[4] Notwithstanding counsel's baseless charges, we will request the re-assignment to another judge in the Northern District of Illinois. Kennedy-King College's concern that they will suffer prejudice by "switching to a new Judge without the extensive background information" is unwarranted. (Obj. to Mot. for Recusal ¶ 2.) Whomever proceeds over this matter will have the full record before them and the benefit of our opinions and orders, which summarize the nature of the action and the procedural history, including the scope of counsel's misconduct.